00756 4543
0101289

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE** ~~Litty Historic~~
EDDIE / AMY
Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF INS.**
**John G. Franchini – (505) 827-4299**

**Service of Process**
**Room 434**
**(505) 827-1291**

**DEPUTY SUPERINTENDENT**
**Robert Doucette – (505) 827-4439**

October 1, 2015

Government Employees Ins. Co.
Legal Division - Matthew J. Zuraw
4201 Spring Valley Rd.
Dallas, TX  75244

Re:   Justine Leblanc Vs Government Employees Insurance Company
      D202CV2015-07348

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons, Complaint for Declaratory Judgment and for Breach of Contract, Fraud, Bad Faith, Violation of Unfair Insurance Practices Act and Punitive Damages, Court-Annexed Arbitration Certification, Plaintiff's First Set of Interrogatories to Defendant Government Employees Insurance Company, Plaintiff's First Requests for Production to Defendant Government Employees Insurance Company, in the State of New Mexico on the above styled cause. Service has been accepted on your behalf as of October 1, 2015.

Respectfully,

John G. Franchini

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL  7012 3460 0000 1399 3262


EXHIBIT
A

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

JUSTINE LEBLANC,

     Plaintiff,

vs.                          No. D-202-CV-201507348

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

     Defendant.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:  **GOVERNMENT EMPLOYEES INSURANCE COMPANY**
     **Lucy Pantoja**
     **Geico Claims**
     **P.O. Box 509105**
     **San Diego, CA  92150**

     You are required to serve upon the Law Offices of Duane Lind, LLC an answer or motion in

response to the complaint which is attached to this summons within thirty (30) days after service of

this summons upon you, exclusive of the day of service, and file your answer or motion with the

court as provided in Rule 1-005 NMRA.

     If you fail to file a timely answer or motion, default judgment may be entered against you for

the relief demanded in the complaint.

     Duane Lind, Esq.
     Law Offices of Duane Lind, LLC
     10400 Academy Road NE, Suite 140
     Albuquerque, NM  87111
     Telephone: (505) 292-6400

     WITNESS the Honorable <u>Victor S. Lopez</u>, district judge of the Second Judicial District

Court of the State of New Mexico, and the seal of the district court of Bernalillo County, this

_____ day of <u>9/23/2015</u>, 2015.

                                   JAMES A. NOEL
                                   CLERK OF THE DISTRICT COURT
                                   By:

Dated:   <u>9/23/2015</u>                             Tracie Leahty, Deputy

**RETURN**

STATE OF NEW MEXICO )
                      )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____.

_____
Judge, notary or other officer
authorized to administer oaths
Official title

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

JUSTINE LEBLANC,

Plaintiff,

vs.                                              No. D-202-CV-2015-07348

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT AND FOR BREACH OF CONTRACT, FRAUD, BAD FAITH, VIOLATION OF UNFAIR INSURANCE PRACTICES ACT AND UNFAIR PRACTICES ACT AND PUNITIVE DAMAGES

For her Complaint, Plaintiff states:

### GENERAL ALLEGATIONS

1.     Plaintiff is a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico.

2.     Upon information and belief, Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY, hereinafter GEICO, is a foreign corporation authorized to do business and is doing business in the State of New Mexico.

3.     GEICO is a citizen of the State of New Mexico.  28 U.S.C. §1332(c)(1) 2011.

4.     This cause of action arises out of the transaction of business within this state; the operation of a motor vehicle upon the highways of this state; the commission of a tortious act within this state or the contracting to insure any person, property or risk located within this state at the time of contracting.  Defendants are subject to the jurisdiction of this Court pursuant to NMSA 1978, §38-1-16 (1953).

5.    On or about April 4, 2013, Plaintiff JUSTINE LEBLANC was involved in a motor vehicle accident in the City of Albuquerque, County of Bernalillo, State of New Mexico. At the time of this accident, Plaintiff JUSTINE LEBLANC was operating a motor vehicle insured by Defendant GEICO.

6.    Plaintiff notified Defendant GEICO of her accident and a potential underinsured motorist claim.

7.    By correspondence dated October 17, 2013, Defendant GEICO provided its written permission to settle all claims with the tortfeasor.

8.    Plaintiff JUSTINE LEBLANC settled her claims with the tortfeasor.

9.    On October 9, 2013, Plaintiff JUSTINE LEBLANC requested a copy of her policy of insurance and declarations page.

10.    On January 22, 2014, Plaintiff JUSTINE LEBLANC submitted a settlement offer to settle her underinsured motorist claim.

11.    In February, 2014 Defendant GEICO requested Plaintiff JUSTINE LEBLANC submit to a medical examination by Keith Harvie, D.O.

12.    The examination by Dr. Harvie was performed on May 30, 2014.

13.    The report of Dr. Harvie was not provided to Plaintiff JUSTINE LEBLANC until July 29, 2014.

14.    In August, 2014, Plaintiff JUSTINE LEBLANC again renewed her request to Defendant GEICO to provide a complete copy of her policy of insurance and declarations page in effect on the date of accident of April 4, 2013 and renewed her offer of settlement to settle the underinsured motorist claim.

2

15.     By correspondence dated August 27, 2014, Defendant GEICO advised Plaintiff JUSTINE LEBLANC that she had been fully compensated for her injuries by her settlement with the tortfeasor and that there was no underinsured motorist claim to be considered.

16.     In September, 2014, Plaintiff JUSTINE LEBLANC requested arbitration of her uninsured motorist claim and requested that Defendant GEICO name its arbitrator within five days of the date of correspondence.

17.     By correspondence dated October 8, 2014, Plaintiff JUSTINE LEBLANC again requested a copy of her insurance policy and declarations page and further requested the identity and contact information of the supervisor of the adjuster to discuss settlement of her claim.

18.     Defendant GEICO refuses to respond to the correspondence dated October 8, 2014 and has failed and refused to provide its insured Plaintiff JUSTINE LEBLANC with a copy of her policy of insurance.

19.     On October 22, 2014, GEICO refused to arbitrate the claim of its insured JUSTINE LEBLANC.

20.     At all times material, Plaintiff JUSTINE LEBLANC has cooperated with Defendant GEICO and has not been the cause for delay in this claim.

21.     At all times material, Defendant GEICO has acted through its employees, agents or adjusters that were authorized to act on behalf of Defendant GEICO.

22.     Plaintiff JUSTINE LEBLANC is entitled to recover underinsured motorist coverage from Defendant GEICO to the full extent of her damages.

23.     Defendant GEICO has failed and refused to make a reasonable offer of settlement to Plaintiff JUSTIN LEBLANC or to submit this matter to arbitration.

3

## COUNT I

## DECLARATORY ACTION TO DETERMINE DAMAGES

24.     Plaintiff realleges and incorporates paragraphs 1- 23 as set forth fully herein.

25.     An actual controversy exists between Plaintiff JUSTINE LEBLANC and the Defendant GEICO and a declaratory judgment would terminate whatever uncertainty or controversy that gives rise to these proceedings.

26.     Plaintiff JUSTINE LEBLANC filed a claim for damages on the insurance policy issued by Defendant GEICO to her.

27.     Plaintiff has performed in a timely manner all duties and obligations required of her under the terms of the policy.

28.     On information and belief, the policy of insurance issued by Defendant GEICO to its insured Plaintiff JUSTINE LEBLANC states that the parties shall arbitrate any dispute as to the amount of damages that are recoverable by the insured under the policy of insurance.

29.     In the alternative, if the policy of insurance does not require arbitration of the claim of Plaintiff JUSTINE LEBLANC, then the damages of Plaintiff JUSTINE LEBLANC should be determined by this Court.

30.     Plaintiff is entitled to recover her attorney fees and costs in pursuing this action pursuant to NMSA 1978, §39-2-1 (1953).

WHEREFORE, Plaintiff prays for judgment against the Defendant GEICO for her damages in a sum to be determined at trial of this cause, for pre-judgment and post-judgment interest, attorney fees, plus such other and further relief as the Court deems just and proper.

4

## COUNT II

## BREACH OF CONTRACT BY DEFENDANT GEICO

31.     Plaintiff realleges and incorporates paragraphs 1- 30 as set forth fully herein.

32.     Plaintiff was insured for her damages caused by the accident of April 4, 2013.

33.     Defendant GEICO has failed and refused to pay these damages.

34.     Defendant GEICO has breached its contractual obligation to pay the damages incurred by its insured Plaintiff JUSTINE LEBLANC.

35.     As a direct and proximate result of this accident, the Plaintiff JUSTINE LEBLANC has sustained damages, including but not limited to, past and future medical billings, past and future pain and suffering, loss of enjoyment of life, loss of household services, permanent injuries and attorneys fees and costs.

36. Plaintiff is entitled to recover her attorneys fees and costs in pursuing this action pursuant to NMSA 1978, §39-2-1 (1953).

WHEREFORE, Plaintiff prays for judgment against the Defendant GEICO for her damages in a sum to be determined at trial of this cause, for pre-judgment and post-judgment interest, attorney fees, plus such other and further relief as the Court deems just and proper.

## COUNT III

## FRAUD BY DEFENDANT GEICO

37.     Plaintiff realleges and incorporates paragraphs 1- 36 as if set forth fully herein.

38.     Defendant GEICO represented to Plaintiff JUSTINE LEBLANC that Defendant GEICO INSURANCE COMPANY would provide her with the insurance coverages contracted for and that she agreed to purchase, that Defendant GEICO would provide her with uninsured

and underinsured motorist coverage and would pay her underinsured motorist claim if she was involved in an accident with an underinsured motorist.

39.     Defendant GEICO represented to Plaintiff JUSTINE LEBLANC that Defendant GEICO INSURANCE COMPANY would take care of her.

40.     Defendant GEICO represented to Plaintiff JUSTINE LEBLANC that Defendant GEICO would arbitrate any claims of Plaintiff JUSTINE LEBLANC or failed to inform their insured Plaintiff JUSTINE LEBLANC that it would refuse to arbitrate her claims for damages under the policy of insurance issued to her.

41.     The failure of Defendant GEICO to inform its insured Plaintiff JUSTINE LEBLANC of its policy of refusing to arbitrate claims was a material misrepresentation of the benefits of the policy of insurance.

42.     Defendant GEICO made or omitted to make these representations with the intent that Plaintiff JUSTINE LEBLANC would rely upon them and would purchase insurance coverage from GEICO.

43.     Plaintiff JUSTINE LEBLANC did in fact rely upon these representations or the failure to make these representations and did purchase insurance coverage from Defendant GEICO.

44.     Defendant GEICO has failed and refused to pay the insurance coverage that it represented would be paid to its insured Plaintiff JUSTINE LEBLANC.

45.     Defendant GEICO has refused to arbitrate the claims of its insured Plaintiff JUSTINE LEBLANC.

46.     Defendant GEICO has failed and refused to pay the damages sustained by its insured JUSTINE LEBLANC.

47.     Plaintiff JUSTINE LEBLANC has sustained damages by the failure of Defendant GEICO to pay the benefits promised by Defendant GEICO.

48.     Plaintiff is entitled to recover her attorney fees and costs in pursuing this action pursuant to NMSA 1978, §39-2-1 (1953).

WHEREFORE, Plaintiff prays for judgment against Defendant GEICO to require arbitration of her claims for damages or in the alternative for her damages in a sum to be determined at trial of this cause, for pre-judgment and post-judgment interest, attorney fees, plus such other and further relief as the Court deems just and proper.

## COUNT IV

## INSURANCE BAD FAITH

49.     Plaintiff realleges and incorporates paragraphs 1-48 as if set forth fully herein.

50.     Plaintiff JUSTINE LEBLANC is an insured under the policy of insurance issued by Defendant GEICO to her.

51.     Plaintiff has performed in a timely manner all duties and obligations required of her under the terms of the policy.

52.     Plaintiff suffered a loss compensable under the terms of the policy when the insured vehicle was involved in an accident.

53.     Defendant had the duty to act in good faith and deal fairly with Plaintiff.

54.     Defendant willfully, recklessly and without regard for the rights of Plaintiff has breached the duty of good faith and fair dealing owed to Plaintiff by knowingly committing the following acts:

a.      Representing that UM/UIM coverage was available to Plaintiff JUSTINE LEBLANC and subsequently denying that UM/UIM coverage was available to Plaintiff

7

JUSTINE LEBLANC;

      b.     Failing and refusing to cooperate with its insured Plaintiff JUSTINE LEBLANC in the discovery and arbitration of her UM/UIM claim;

      c.     Misrepresenting to Plaintiff JUSTINE LEBLANC pertinent facts or policy provisions relating to coverages at issue;

      d.     Failing to acknowledge and act reasonably promptly upon communications with respect to the claim from Plaintiff JUSTINE LEBLANC;

      e.     Failing to adopt and implement reasonable standards for the prompt investigation and processing of the claims of Plaintiff JUSTINE LEBLANC;

      f.     Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff JUSTINE LEBLANC's claims in which liability has become reasonably clear;

      g.     Compelling Plaintiff JUSTINE LEBLANC to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered by Plaintiff JUSTINE LEBLANC when Plaintiff JUSTINE LEBLANC made claims for amounts reasonably similar to amounts ultimately recovered; and,

      h.     Failing to promptly provide Plaintiff JUSTINE LEBLANC a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

     55.     As a direct and proximate result of this accident, the Plaintiff JUSTINE LEBLANC has sustained damages, including but not limited to, past and future medical billings, past and future pain and suffering, loss of enjoyment of life, loss of household services and permanent injuries.

56.     Plaintiff is entitled to recover her attorney fees and costs in pursuing this action pursuant to NMSA 1978, §39-2-1 (1953).

WHEREFORE, Plaintiff prays for judgment against Defendant for damages in a sum to be determined at trial of this cause, for pre-judgment and post-judgment interest, attorney fees, plus such other and further relief as this Court deems just and proper.

## COUNT V

## VIOLATION OF UNFAIR INSURANCE PRACTICES ACT

57.     Plaintiff realleges and incorporates paragraphs 1-56 as if set forth fully herein.

58.     At all times material, there was in the State of New Mexico a statute NMSA 1984, §59A-16-20, (1997) (hereinafter the "Unfair Insurance Practices Act") defining and prohibiting certain unfair and deceptive insurance practices.

59.     The actions of the Defendant GEICO, its agents and employees as set forth above constitute unfair insurance trade practices prohibited by NMSA 1984, §59A-16-1 through §59A16-30.

60.     Defendant GEICO breached the Unfair Insurance Practices Act by knowingly committing the following acts:

a.      Misrepresented to insureds pertinent facts or policy provisions relating to coverages at issue;

b.      Failed to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

c.      Failed to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

d.      Not attempting in good faith to effectuate prompt, fair and equitable

9

settlements of an insureds' claims in which liability has become reasonably clear;

        e.      Compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered; and,

        f.      Failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

61.     As a direct and proximate result of Defendant's breach, Plaintiff JUSTINE LEBLANC has sustained damages, including but not limited to, past and future medical billings, past and future pain and suffering, loss of enjoyment of life, loss of household services and permanent injuries.

62.     Plaintiff is entitled to recover her attorney fees and costs in pursuing this action pursuant to NMSA 1978, §39-2-1 (1953).

63.     Plaintiff is entitled to recover her attorney fees and costs in pursuing this action pursuant to NMSA 1984, §59A-16-30.

WHEREFORE, Plaintiff prays for judgment against the Defendant for her damages in a sum to be determined at trial of this cause, for pre-judgment and post-judgment interest, attorneys fees, plus such other and further relief as this Court deems just and proper.

## COUNT VII

## VIOLATION OF UNFAIR PRACTICES ACT

64.     Plaintiff realleges and incorporates paragraphs 1-63 as if set forth fully herein.

65.    The conduct of Defendant GEICO is an unfair or deceptive trade practice as defined by the New Mexico Unfair Practices Act, NMSA 1978 §§57-12-1 *et seq.*.

66.    The conduct of Defendant GEICO is an unconscionable trade practice as defined by the New Mexico Unfair Practices Act, NMSA 1978 §§57-12-1 *et seq.*.

67.    The conduct of Defendant GEICO has caused damage to Plaintiff JUSTINE LEBLANC who is an intended beneficiary of the New Mexico Unfair Practices Act, NMSA 1978 §§57-12-1 *et seq.*.

68.    Plaintiff is entitled to statutory damages contemplated by the New Mexico Unfair Practices Act, NMSA 1978 §§57-12-1 *et seq.*, including minimum damages of One Hundred Dollars ($100.00) or actual damages and treble damages.

69.    Plaintiff is entitled to recover her attorney fees and costs in pursuing this action pursuant to NMSA 1984, §57-12-10.

WHEREFORE, Plaintiff prays for judgment against the Defendant for her damages set forth above, including her actual damages, treble damages and attorney fees, plus such other and further relief as this Court deems just and proper.

## COUNT VIII

## PUNITIVE DAMAGES

70.    Plaintiff realleges and incorporates paragraphs 1-69 as if set forth fully herein.

71.    Defendant actions were so willful, wanton or without due regard for the rights of Plaintiff that Plaintiff is entitled to recover punitive damages.

72.    Plaintiff is entitled to recover her attorney fees and costs in pursuing this action pursuant to NMSA 1984, §57-12-10.

11

WHEREFORE, Plaintiff prays for judgment against the Defendant for her damages set forth above, including punitive damages, plus such other and further relief as this Court deems just and proper.

THE LAW OFFICES OF DUANE LIND, LLC

DUANE LIND
Attorney for Plaintiff
10400 Academy Road NE, Suite 140
Albuquerque, NM 87111
(505) 292-6400
duane@duanelindlaw.com

HOULISTON AND WEAKS LAW OFFICE

/s/ David Houliston
DAVID HOULISTON
Attorney for Plaintiff
500 Tijeras Avenue NW
Albuquerque, NM 87102
(505) 247-1223
dmhouliston@gmail.com

12

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

JUSTINE LEBLANC,

      Plaintiff,

vs.                          No. D-202-CV-2015-07348

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

      Defendant.

## COURT-ANNEXED ARBITRATION CERTIFICATION

Plaintiff JUSTINE LEBLANC, by and through her counsel Law Offices of Duane Lind, LLC (Duane Lind, Esq.) and Houliston and Weaks Law Office, P.C., (David Houliston) pursuant to Second Judicial District Local Rules, Rule LR2-603 certify as follows:

[   ] The parties seek only a money judgment and the amount sought does not exceed twenty five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

[ ✓ ] The parties seek relief other than a money judgment and/or seek relief in excess of twenty five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

                                   LAW OFFICES OF DUANE LIND, LLC

                                   DUANE LIND
                                   Attorney for Plaintiff
                                   10400 Academy Road NE, Suite 140
                                   Albuquerque, NM 87111
                                   Telephone No.: (505) 292-6400
                                   duane@duanelindlaw.com

FILED IN MY OFF
DISTRICT COURT CLI
9/21/2015 8:49:42
James A. I
Chris P

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

JUSTINE LEBLANC,

    Plaintiff,

vs.                         No.   D-202-CV-2015-07348

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

    Defendant.

## COURT-ANNEXED ARBITRATION CERTIFICATION

    Plaintiff JUSTINE LEBLANC, by and through her counsel Law Offices of Duane Lind, LLC (Duane Lind, Esq.) and Houliston and Weaks Law Office, P.C., (David Houliston) pursuant to Second Judicial District Local Rules, Rule LR2-603 certify as follows:

    [  ] The parties seek only a money judgment and the amount sought does not exceed twenty five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

    [ ✓ ] The parties seek relief other than a money judgment and/or seek relief in excess of twenty five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

                                LAW OFFICES OF DUANE LIND, LLC

                                DUANE LIND
                                Attorney for Plaintiff
                                10400 Academy Road NE, Suite 140
                                Albuquerque, NM 87111
                                Telephone No.: (505) 292-6400
                                duane@duanelindlaw.com

FILED IN MY OFF
DISTRICT COURT CLE
9/29/2015 8:25:36
James A. N
Pam Marti

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT COURT

JUSTINE LEBLANC

V.

GOVERNMENT EMPLOYEES INSURANCE COMPANY          No. D-202-CV-2015-07348

## NOTICE OF JUDGE REASSIGNMENT

The above referenced case has been reassigned to the Honorable Beatrice J. Brickhouse, District Judge, Second Judicial District. This reassignment is effective 9/29/2015.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _Pamela Martinez_
Pamela Martinez

Electronically Filed On:  9/29/2015
To All Parties Entitled to Notice

FILED IN MY OFF
DISTRICT COURT CLI
9/28/2015 4:25:36
James A. N
Pam Marti

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

JUSTINE LEBLANC,

Plaintiff,

vs.                                          No. D-202-CV-2015-07348

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Defendant.

## NOTICE OF EXCUSAL

The undersigned hereby notifies the court that the Honorable Victor S. Lopez is excused

from presiding over the above-captioned case.

Dated:  September 28, 2015

THE LAW OFFICES OF DUANE LIND, LLC

DUANE LIND
Attorney for Plaintiff
10400 Academy Rd. NE, Suite 140
Albuquerque, NM 87111
Telephone:  (505) 292 6400
duane@duanelindlaw.com

HOULISTON AND WEAKS LAW OFFICE

/s/ David Houliston
DAVID HOULISTON
Attorney for Plaintiff
500 Tijeras Avenue NW
Albuquerque, NM 87102
(505) 247-1223
dmhouliston@gmail.com

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

JUSTINE LEBLANC,

      Plaintiff,

vs.                           No. D-202-CV-2015-07348

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

      Defendant.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
## GOVERNMENT EMPLOYEES INSURANCE COMPANY

COMES NOW Plaintiff JUSTINE LEBLANC, by and through her counsel Law Offices of Duane Lind, LLC (Duane Lind, Esq.), pursuant to Rule 1-034, S.C.R.A. (1987) and requests Defendant Government Employees Insurance Company (hereinafter GEICO) to produce within forty-five (45) days and to permit the Plaintiff and her attorney to inspect and copy any and all of the following requested documents.

If objection is made with respect to any item or category of designated documents, in accordance with Rule 1-034, full and complete reasons for such objections shall be so stated. If objection is made only to part of any such item or category, the part shall be specified.

### REQUESTED DOCUMENTS

1.      The original of any insurance policy in effect on the date of accident April 4, 2013.

**Response:**

2.      The original of any insurance declarations page of any insurance policy in effect on the date of accident April 4, 2013.

**Response:**

3.      Original or color copies of photographs before and after the accident of the vehicles involved in the accident of April 4, 2013.

**Response:**

4.      A copy of the police report.

**Response:**

5.      Estimate of damages of your insured's vehicle involved in the accident of April 4, 2013.

**Response:**

6.      Correspondence to and from your insured and any and all other persons communicated with by Defendant GEICO regarding the accident of April 4, 2013.

**Response:**

2

7.      Correspondence to and from any other insurance company to Defendant GEICO, your insured, and any and all other persons communicated with regarding the accident of April 4, 2013.

**Response:**

8.      Maps, photographs, aerial photographs, diagrams, drawings, charts, videos, surveillance film, etc. of the subject accident or accident site or a reconstruction of the accident.

**Response:**

9.      Any and all surveillance photographs and/or videotapes of Plaintiff.

**Response:**

10.     Any and all medical billings for injuries sustained by your insured regarding the accident of April 4, 2013.

**Response:**

11.     Any and all medical records for injuries sustained by your insured regarding the accident of April 4, 2013.

**Response:**

12.     Your complete underwriting file for insurance issued to your insured.

**Response:**

13.     The complete application for insurance coverage of your insured.

**Response:**

14.     Any other documents of any kind executed by your insured at the time she applied for insurance coverage.

**Response:**

15.     Any notes, memorandum or other documents of any kind documenting any and all communication, written or verbal, to or from your insured at any time since she purchased insurance from GEICO.

**Response:**

16.     Copies of all statements provided by your insured to anyone at any time investigating the accident of April 4, 2013.

**Response:**

17.     Any and all writing, documents, memoranda, incident reports, or reports of any nature, whether recorded, written, electronic or computerized identified in your Answer to Interrogatory No. 15.

**Response:**

18.     Any and all writing, documents, memoranda, incident reports, or reports of any nature, whether recorded, written, electronic or computerized identified in your Answer to Interrogatory No. 16.

**Response:**

19.     Any and all writing, documents, memoranda, incident reports, or reports of any nature, whether recorded, written, electronic or computerized identified in your Answer to Interrogatory No. 7.

**Response:**

20.     Any and all writing, documents, memoranda, incident reports, or reports of any nature, whether recorded, written, electronic or computerized identified in your Answer to

Interrogatory No. 8.

**Response:**

21.    Any and all writing, documents, memoranda, incident reports, or reports of any
nature, whether recorded, written, electronic or computerized identified in your Answer to
Interrogatory No. 9.

**Response:**

22.    Any and all writing, documents, memoranda, incident reports, or reports of any
nature, whether recorded, written, electronic or computerized identified in your Answer to
Interrogatory No. 11.

**Response:**

23.    Any and all writing, documents, memoranda, incident reports, or reports of any
nature, whether recorded, written, electronic or computerized identified in your Answer to
Interrogatory No. 14.

**Response:**

24.    Any and all writing, documents, memoranda, incident reports, or reports of any

6

nature, whether recorded, written, electronic or computerized identified in your Answer to
Interrogatory No. 15.

    **Response:**

    25.    Any and all writing, documents, memoranda, incident reports, or reports of any
nature, whether recorded, written, electronic or computerized identified in your Answer to
Interrogatory No. 17.

    **Response:**

    26.    Any and all writing, documents, memoranda, incident reports, or reports of any
nature, whether recorded, written, electronic or computerized identified in your Answer to
Interrogatory No. 18.

    **Response:**

    27.    Any and all writing, documents, memoranda, incident reports, or reports of any
nature, whether recorded, written, electronic or computerized identified in your Answer to
Interrogatory No. 19.

    **Response:**

28.     Any and all writing, documents, memoranda, incident reports, or reports of any nature, whether recorded, written, electronic or computerized identified in your Answer to Interrogatory No. 20.

**Response:**

29.     Any and all writing, documents, memoranda, incident reports, or reports of any nature, whether recorded, written, electronic or computerized identified in your Answer to Interrogatory No. 21.

**Response:**

30.     Any and all writing, documents, memoranda, incident reports, or reports of any nature, whether recorded, written, electronic or computerized identified in your Answer to Interrogatory No. 23.

**Response:**

31.     Any and all exhibits which will or may be offered into evidence at the trial of this matter.

**Response:**

32.    Please produce any and all documents, brochures, and literature printed, distributed, or circulated by you containing statements of the advantages of having insurance with you.

**Response:**

33.    Please produce any and all documents, brochures, and literature printed, distributed, or circulated by you and/or advertisements on television, radio, newspapers, magazines, circulars, websites, or periodicals two (2) years prior to the date of accident to the present.

**Response:**

34.    Please produce any and all documents, brochures, and literature printed, distributed, or circulated by you containing statements setting forth reports, representations, manner of, timelines of, and/or responsibilities of your handling of claims including, but not limited to, the arbitration of claims.

**Response:**

9

35.     Any and all writing, documents, memoranda, incident reports, or reports of any nature, whether recorded, written, electronic or computerized that identify all uninsured/underinsured claims made by your insureds in the State of New Mexico from the date of accident to the present, including but not limited to the name, address and telephone number of your insured and date of demand of arbitration.

**Response:**

36.     Any and all writing, documents, memoranda, incident reports, or reports of any nature, whether recorded, written, electronic or computerized that identify all uninsured/underinsured claims made by your insureds in the State of New Mexico from the date of accident to the present that GEICO has arbitrated, including but not limited to the name, address and telephone number of your insured, the date of demand of arbitration and the date of arbitration.

**Response:**

37.     All documents of any kind or form whatsoever relating to or evidencing any affirmative defense raised by you in this case.

**Response:**

10

THE LAW OFFICES OF DUANE LIND, LLC


DUANE LIND
Attorney for Plaintiff
10400 Academy Road NE, Suite 140
Albuquerque, New Mexico  87111
(505)  292-6400
duane@duanelindlaw.com

11

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

JUSTINE LEBLANC,

      Plaintiff,

vs.                        No. D-202-CV-2015-07348

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

      Defendant.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY

COMES NOW Plaintiff JUSTINE LEBLANC, by and through her counsel Law Offices of Duane Lind, LLC (Duane Lind, Esq.), pursuant to Rule 1-033 and 1-026 S.C.R.A. (1987) and propounds the following Interrogatories to Defendant Government Employees Insurance Company (hereinafter GEICO) and requests that they be answered under oath within forty-five (45) days. Unless otherwise specified, these Interrogatories refer to the date and event, which is the subject matter of this action, specifically an automobile accident that occurred on April 4, 2013, in Bernalillo County, State of New Mexico.

In answering the Interrogatories, you are required not only to furnish information available from your own personal knowledge but also information which is in the possession of your attorneys, investigators, insurance carriers, agents or anyone else acting on your behalf or on their behalf.

If you are willing, instead of identifying particular documents, those documents may be attached to your answers when identification is required.

## DEFINITIONS

"You" or "your" includes, but is not limited to, yourself and your agents, insurance company, its agents and employees, your attorneys and anyone else acting on your behalf.

"Identify" when referring to a person or entity means to state their name, address,

1

telephone number, title, occupation and relation to the party.

"Writing" means any tangible thing upon which is recorded any form of communication representation, including letters, words, pictures, sounds or symbols, or any combination thereof, by means of handwriting, typewriting, printing, photostatting, photographing, sound recording, or any other means of recording.

"Document" means any written, recorded, or graphic representation, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action, including, but not limited to, any and all originals, copies or drafts.

"Contact" means any and all meetings, conversations, telephone conversations, correspondence, communications, questionnaires, interviews, investigations, memos, notes, statements, etc., relating to you and any other person with knowledge or alleged knowledge of the subject matter of this accident.

**INTERROGATORY NO. 1:**  Please identify the person answering these Interrogatories and any and all persons assisting in the answering of these Interrogatories identifying your address, telephone number, date of birth, social security number, place of employment, position held and description of relationship to whom the interrogatories are directed, and indicate any objection said person may have to the format of these Interrogatories or this person's ability to competently and completely respond.

**ANSWER:**

**INTERROGATORY NO. 2:**  Do you or your attorneys have any writing, documents, memoranda, incident reports, or reports of any nature, whether oral, written electronic or computerized, regarding the conduct of Defendant GEICO that is the subject matter of this complaint?  If so, please identify each person preparing such a report or record, the date thereof, or in the alternative, if you prefer, please attach copies of the same to your Answers to these

2

Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 3:** Please identify each and every person you and your attorneys will or may call as a witness at the trial on merits of this case. For each witness, please state the subject matter on which they are expected to testify and the substance of the testimony.

**ANSWER:**

**INTERROGATORY NO. 4:** Please identify each and every person you and your attorneys will or may call as an expert witness at the trial on merits of this case. Please include a complete detailed description of his/her qualifications as an expert and attach a copy of his/her curriculum vitae to your Answers to these Interrogatories. For each expert witness, please state the subject matter on which each expert witness is expected to testify, the substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds for each opinion. If no expert is now known, please state in detail the calendar date when said expert will be chosen.

**ANSWER:**

**INTERROGATORY NO. 5:** Please state the nature and content of each and every exhibit, which will or may be offered into evidence on your behalf at the trial or arbitration of this case. Please list each exhibit separately stating its contents and nature.

3

**ANSWER:**

**INTERROGATORY NO. 6:**  Please identify and state the name, address, telephone number and occupation of any and all persons who investigated the claim of Plaintiff for or on your behalf.  For each investigator, please state whether a report was prepared, either oral or written, the date of said report, a summary of the contents of said report, the present custodian of record of any reports and the grounds for any privilege asserted for any report.

**ANSWER:**

**INTERROGATORY NO. 7:**  Please identify each and every person known to you and your attorneys or agents, who saw or heard, or claim to have seen or heard, any of the events or happenings that occurred immediately before, at the time of or immediately following the subject accident of April 4, 2013.  For each person identified, state their last known address and telephone number.  State whether this person was interviewed or a statement was obtained and the date of said interview.  State the substance of this person's knowledge of these events.

**ANSWER:**

**INTERROGATORY NO. 8:**  Please identify any and all persons contacted by you or your agents with regard to the subject accident of April 4, 2013 or the subsequent underinsured motorist insurance claim of Plaintiff.  For each person contacted, please identify the person making this contact, the date of said contact, the nature of this contact, whether any writing of

4

any nature was made of this contact, the custodian of any writing relating to any contact and a summary of the information obtained in the contact.

**ANSWER:**

**INTERROGATORY NO. 9:**   Identify the agent of Defendant GEICO by name, address and telephone number that issued any and all policies of insurance available to Plaintiff for the accident of April 4, 2013.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify all injuries sustained by your insured JUSTINE LEBLANC in the subject accident of April 4, 2013.

**ANSWER:**

**INTERROGATORY NO. 11:**   If you contend that any injury sustained by your insured JUSTINE LEBLANC was an aggravation of any prior injury, identify that injury and the nature and extent of the aggravation sustained.

**ANSWER:**

**INTERROGATORY NO. 12:** Was the medical treatment received by your insured

5

JUSTINE LEBLANC reasonable and necessary?  If you contend that any medical treatment received by your insured JUSTINE LEBLANC following the accident of April 4, 2013 was not reasonable or necessary to treat her injuries, identify that treatment by date of treatment, nature of the treatment received, the health care provider that provided that treatment, and why that treatment was not reasonable and necessary.  Identify any expert witness that you will have testify regarding this issue.

**ANSWER:**


**INTERROGATORY NO. 13:**  If you contend there are any issues in this matter other than the total amount of damages sustained by your insured for this claim, please state with particularity each such issue.  Identify all witnesses and evidence that you will introduce to support your response and give a brief summary of witness testimony and the summary of the contents of each exhibit.

**ANSWER:**


**INTERROGATORY NO. 14:**  Describe in detail all actions taken by Defendant GEICO to name an arbitrator in response to the demand of your insured to arbitrate her claims under the policies of insurance issued to her by Defendant GEICO.  Identify all persons by name, title, address and telephone number that took these actions.  Identify any and all documents of any kind, electronic or otherwise, and the dates of such documents, evidencing these actions.

**ANSWER:**

6

**INTERROGATORY NO. 15:** Identify all advertising of any kind, including but not limited to television, radio, on-line, direct advertising or other advertising of any kind, regarding insurance coverage available to your potential customers, your policies and procedures for handling uninsured and underinsured motorist claims and the quality of customer care you provide to your insureds.

**ANSWER**

**INTERROGATORY NO. 16:** Identify any and all documents, brochures, and literature printed, distributed, or circulated by you and/or advertisements on television, radio, newspapers, magazines, circulars, websites, or periodicals two (2) years prior to the date of accident to the present regarding the insurance products of GEICO, its claims handling process and the arbitration of uninsured/underinsured motorist claims.

**ANSWER:**

**INTERROGATORY NO. 17:** Identify all uninsured/underinsured motorist claims from the date of accident to the present in which GEICO refused to make any offer of settlement prior to any demand for arbitration or litigation of the claim.

**ANSWER:**

7

**INTERROGATORY NO. 18**: Please identify all uninsured/underinsured motorist claims made by your insureds in the State of New Mexico from the date of accident to the present, including but not limited to the name, address and telephone number of your insured and date of demand for arbitration. State the response of GEICO to the demand for arbitration.

**ANSWER:**

**INTERROGATORY NO. 19**: Please identify all uninsured/underinsured motorist claims made by your insureds in the State of New Mexico from the date of accident to the present that GEICO has arbitrated, including but not limited to the name, address and telephone number of your insured, the name, address and telephone number of the attorney, if any, for your insured, the date of demand of arbitration and the date of arbitration.

**ANSWER:**

**INTERROGATORY NO. 20**: For all uninsured/underinsured motorist claims made in the State of New Mexico from the date of accident to the present that GEICO refused to arbitrate, identify how the claim was resolved including but not limited to the name, address and telephone number of your insured, the date of demand of arbitration, the identity of any legal counsel for your insured by name, address and telephone number and the date of resolution and, if litigation was required, the caption of the case including case number. State how each claim was resolved.

**ANSWER:**


**INTERROGATORY NO. 21:**  Does GEICO have a policy of refusing to arbitrate the uninsured/underinsured motorist claims of its insured?

**ANSWER:**


**INTERROGATORY NO. 22:**  Does GEICO make it known to their insureds, either before or after they purchase insurance from GEICO, of its policy to refuse to arbitrate the uninsured/underinsured motorist claims of its insureds?

**ANSWER:**


**INTERROGATORY NO. 23:**  Did GEICO make it know to its insured JUSTINE LEBLANC its policy to refuse to arbitrate her future uninsured/underinsured motorist claim prior to her purchase of insurance from GEICO?  If so, identify all documents of any kind from any source or media that so informed it insured of its policy not to arbitrate her uninsured/underinsured motorist claim.

**ANSWER:**

9

**INTERROGATORY NO. 24:**  If your insured JUSTINE LEBLANC had requested prior to the purchase of insurance from GEICO, or at anytime after the purchase of insurance from GEICO, that GEICO change it arbitration provision to require the arbitration of any future uninsured/underinsured motorist claim, would GEICO have done so?

**ANSWER:**

**INTERROGATORY NO. 25:**  Identify any credits that you claim against the total of uninsured motorist/underinsured motorist coverage available to your insured.

**ANSWER:**

**INTERROGATORY NO. 26:**  Identify all documents consulted in preparing your Answers to these Interrogatories.

**ANSWER:**

DUANE LIND
Attorney for Plaintiff
10400 Academy Road NE, Suite 140
Albuquerque, NM  87111
Telephone (505) 292-6400
duane@duanelindlaw.com

10